## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **FERNANDO DIAZ** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 3:12-CV-00354** |
| | § | |
| **BUCHANAN EXPRESS LLC,** | § | |
| **BEST EXPRESS** | § | |
| **TRANSPORTATION, LLC,** | § | |
| **SALVADOR MUNOZ and JUAN A.** | § | |
| **BUCHANAN** | § | |
| | § | |
| **Defendants.** | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Fernando Diaz, on behalf of himself and all others similarly situated, files this Original Collection Action Complaint against Defendants BUCHANAN EXPRESS, LLC., BEST EXPRESS TRANSPORTATION, LLC., SALVADOR MUNOZ and JUAN A. BUCHANAN ("Defendants").

## I. PRELIMINARY STATEMENT

1.1     This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendants are a transportation fleets company in El Paso, Texas. Plaintiff Fernando Diaz was employed by Defendants as a driver from April 23, 2018 through July 28, 2019.  Mr. Diaz was paid on an hourly basis April 25 2018 a June 25 2019

1.2     In addition to receiving hourly pay from BUCHANAN EXPRESS, LLC., BEST EXPRESS TRANSPORTATION, LLC., SALVADOR MUNOZ and JUAN A. BUCHANAN, for hours

worked up to forty hours per week, Mr. Diaz should have been paid the corrected overtime and overtime premiums hours worked over forty hours per week. Plaintiff has been denied overtime pay by the Defendants. Despite the fact that he regularly works more than 60 hours per week, Defendants failed to pay plaintiff his actual hours according to his time sheet. Additionally, Defendants unlawfully deducted several fees under the section "Adjustments to Net Pay". These deductions were never authorized by Plaintiff. Defendants unjustified and unilaterally deducted charges described on Plaintiff's paystubs as the following: Occupational Accident Insurance, CDL Consultant, Accident/Incident and Miscellaneous Deduction.

1.3     Diaz, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA").

1.4     This collective action consists of

> **ALL INDIVIDUALS WHO AT ANY TIME OVER THE PAST THREE Y YEARS ARE OR HAVE BEEN (A) TRUCK DRIVERS; (B) EMPLOYED BY BUCHANAN EXPRESS LLC OR BEST EXPRESS TRANSPORTATION,LLC (C) PAID ON AN HOURLY BASIS WITHOUT OVERTIME PAY; AND (D) CLASSIFIED AS INDEPENDENT CONTRACTORS.**

1.5     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to hourly employees for hours worked in excess of forty hours per week.

## II. JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to any civil action or proceeding arising under any Act of Congress regulating commerce..."

2.2    The Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. because these entities conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

2.4    Venue is proper in the Western District of Texas, El Paso Division, pursuant to 28 U.S..C § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### III. PARTIES

#### A. Plaintiff

3.1    Plaintiff Fernando Diaz is an individual residing in El Paso, Texas. His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

#### B. Defendants

3.2.    Defendant BUCHANAN EXPRESS, LLC is a domestic corporation formed under the laws of the State of Texas and maintains and operates its principal office in El Paso, Texas.

3.3    BUCHANAN EXPRESS, LLC was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.4    BUCHANAN EXPRESS, LLC can be served with process by serving its registered agent for service of process, Juan A Buchanan at 1741 Cherrington St. El Paso, 79922, or wherever else he may be found.

3.5    Defendant BEST EXPRESS TRANSPORTATION, LLC can be served with process by serving its registered agent for service of process, Juan A Buchanan at 1741 Cherrington St. El Paso, 79922, or wherever else he may be found.

3.6    Defendant SALVADOR MUNOZ is an individual residing in Texas. Mr. Munoz may be served at 1741 Cherrington St. El Paso, 79922, or wherever else he may be found.

3.7    Defendant JUAN A BUCHANAN is an individual residing in Texas. Mr. Munoz may be served at 1741 Cherrington St. El Paso, 79922, or wherever else he may be found.

3.8    At all times relevant to this claim, BEST EXPRESS TRANSPORTATION, LLC acted directly or indirectly in the interest of Defendant BUCHANAN EXPRESS, LLC in relation to the employment of Plaintiff and those similarly situated.

3.9    At all times relevant to this claim, BEST EXPRESS TRANSPORTATION, LLC was substantially in control of the terms and conditions of the work of Plaintiff and those similarly situated.

3.10    At all times relevant to this claim, SALVADOR MUNOZ was substantially in control of the terms and conditions of the work of Plaintiff and those similarly situated.

3.11    At all times relevant to this claim, JUAN A. BUCHANAN was substantially in control of the terms and conditions of the work of Plaintiff and those similarly situated.

3.12    BUCHANAN EXPRESS, LLC BEST EXPRESS TRANSPORTATION, LLC SALVADOR MUNOZ and JUAN A. BUCHANAN were employers of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

### IV. FLSA COVERAGE

4.1    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2    At all relevant times, Defendants had a gross operating revenue in excess of $500,000.00.

4.3    At all relevant times, Defendants have acted, directly or indirectly, as employer(s) or joint employer(s) with respect to Plaintiff and others similarly situated

4.4    At all relevant times, Defendants employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5    At all relevant times, Defendants employed two or more persons in interstate commerce.

4.6    At all relevant times, Defendants have operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(l) of the FLSA, 29 U.S.C. § 203(s)( 1 ), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000 .

4.7    At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8    At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

## V. FACTUAL ALLEGATIONS

5.1    Defendants are a full-service transportation fleets. They provide, inter alia, short-haul trucking services, hauling a variety of products such as medicines, electronics, auto parts, copper and bronze from train containers to ware houses located in El Paso, Texas.

5.2     Defendants paid Fernando Diaz and those similarly situated an hourly rate of pay. Mr. Diaz and all those similarly situated consistently worked over forty hours per week. Mr. Diaz and all those similarly situated were non-exempt employees. Mr. Diaz should have been paid the corrected overtime and overtime premiums hours worked over forty hours per week. Plaintiff has been denied overtime pay by the Defendants. Despite the fact that he regularly works more than 60 hours per week, Defendants failed to pay plaintiff his actual hours according to his time sheet. Additionally, Defendants unlawfully deducted several fees under the section "Adjustments to Net Pay". These deductions were never authorized by Plaintiff. Defendants unjustified and unilaterally deducted charges described on Plaintiff's paystubs as the following: Occupational Accident Insurance, CDL Consultant, Accident/Incident and Miscellaneous Deduction.

5.3     Defendants maintained control, oversight, and direction over their operations, including employment practices.

5.4     Defendants maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendants.

5.6     Plaintiff and those similarly situated were required to comply with Defendants' policies and procedures in performing their work during their employment with Defendants.

5.7     Defendants exercised control over the work performed by Plaintiff and those similarly situated.

5.8     SALVADOR MUNOZ and JUAN A. BUCHANAN are responsible for running the day-to-day operations of Plaintiff

5.9     SALVADOR MUNOZ and JUAN A. BUCHANAN determined the wages to be paid to Plaintiff and those similarly situated.

5.10    SALVADOR MUNOZ and JUAN A. BUCHANAN determined the work to be performed by Plaintiff and those similarly situated and monitored and directed such work on a regular basis.

5.11    SALVADOR MUNOZ and JUAN A. BUCHANAN determined the locations where Plaintiff and those similarly situated would work.

5.12    SALVADOR MUNOZ and JUAN A. BUCHANAN determined the hours of Plaintiff and those similarly situated.

5.13    SALVADOR MUNOZ and JUAN A. BUCHANAN determined the conditions of employment for Plaintiff and those similarly situated.

5.14    SALVADOR MUNOZ and JUAN A. BUCHANAN acting directly in the interest of Defendants BUCHANAN EXPRESS, LLC and BEST EXPRESS TRANSPORTATION, LLC maintained employment records on Plaintiff and those similarly situated.

5.15    SALVADOR MUNOZ and JUAN A. BUCHANAN, possessed and, in fact, exercised the power to hire, fire and discipline Plaintiff and those similarly situated.

5.16    At all times relevant hereto, Defendants knew of, approved of, and benefited from the regular and overtime work of Plaintiff and those similarly situated. Plaintiff and those similarly situated were not exempt employees.

5.17    Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.18    Defendants ' actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

## VI. COLLECTIVE ACTION ALLEGATIONS

6.1     Other employees have been victimized by the pattern, practice, and policy of Defendants that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2     Plaintiff brings his claim for relief on behalf of all persons who worked for Defendants as an hourly employee whose overtime pay was paid at straight time at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.3     Defendants paid Plaintiff and the Collective Class on an hourly basis and suffered and permitted them to work more than forty hours per week. Defendants did not pay Plaintiff or the Collective Class overtime compensation for any hours worked beyond forty per week.

6.4     Though their job titles may vary the members of the Collective Class were all hourly employees who were not paid overtime.

6.5     Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6.    Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7.    Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 21 6(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on his behalf and on behalf of those

similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

6.10    Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII. CAUSE OF ACTION: VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Plaintiff and all others similarly situated are non-exempt employees.

7.3    As non-exempt employees under the FLSA, if Plaintiff and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime pay.

7.4    Over the course of the relevant period, Plaintiff and all others similarly situated routinely worked in excess of forty hours per week.

7.5     Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, Defendants failed to pay them an overtime premium for any hours worked in excess of forty per week.

7.6     Defendants have violated 29 U.S.C. § 201 et seq. by failing to pay Plaintiff and all others similarly situated overtime premiums for those hours worked over forty per workweek.

7.7     In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the true number of hours worked per workweek by Plaintiff and all others similarly situated.

7.8     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.9     Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation.

7.10    Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Fernando Diaz and all others similarly situated respectfully pray that Defendants BUCHANAN EXPRESS, LLC, BEST EXPRESS TRANSPORTATION, LLC, SALVADOR MUNOZ and JUAN A. BUCHANAN be cited to appear, and that, upon trial of this matter, Plaintiff and the Collective Class recover the following against Defendants, jointly and severally:

a.  Actual damages for the full amount of their unpaid overtime compensation;

b.  Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

c.  Liquidated damages in an amount equal to the unpaid overtime compensation;

d.  Attorney's fees, costs and expenses;

e.  Pre- and post-judgment interest at the highest rates allowed by law; and

f.  All other relief, at law or in equity, to which they, and others similarly situated, may be justly entitled.

Respectfully submitted,

By:  /s/ Carlos M. Quinonez
Carlos M. Quinonez
Texas Bar No. 24056172
Email:  carlos@quinonezlawfirm.com
11890 Vista Del Sol Dr., Suite A-115
El Paso, Texas 79936
Tel. (915) 533-0009
Fax. (888) 301-1116
Attorney for Plaintiff