IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **FERNANDO DIAZ,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO.: 3:19-CV-354-FM |
| **BUCHANAN EXPRESS, LLC, BEST EXPRESS TRANSPORTATION, LLC, SALVADOR MUNOZ and JUAN A. BUCHANAN,** | § § § § § § § | |
| *Defendants.* | § § | |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT

COME NOW Plaintiff, FERNANDO DIAZ, and Defendants, BUCHANAN EXPRESS, LLC, BEST EXPRESS TRANSPORTATION, LLC, SALVADOR MUNOZ, and JUAN A. BUCHANAN (collectively, "the Parties") and move the Court as follows:

#### I.     Factual and Procedural Background

1.     Plaintiff, FERNANDO DIAZ, and Defendants, BUCHANAN EXPRESS, LLC, BEST EXPRESS TRANSPORTATION, LLC, SALVADOR MUNOZ, and JUAN A. BUCHANAN, move this Court to approve the proposed Settlement reached by the Parties and memorialized in the Settlement Agreement and Release of All Claims ("Settlement Agreement") attached as Exhibit A.

2.     The proposed settlement will resolve bona fide disputes involving overtime compensation claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. Plaintiff filed an Original Complaint on December 4, 2019, asserting that Defendants BUCHANAN EXPRESS, LLC, BEST EXPRESS TRANSPORTATION, LLC, SALVADOR

MUNOZ, and JUAN A. BUCHANAN (collectively "Defendants") unlawfully failed to pay overtime compensation to Plaintiff and other employees similarly situated. (*See* Plaintiffs' Orig. Compl. [Dkt. 1]). Defendants denied those claims. (*See* Defendants' Answer [Dkt. 16]).

3. In an effort to avoid the costs and uncertainties of litigation, the Parties entered into a proposed Settlement Agreement. The proposed Settlement Agreement constitutes a resolution of the dispute in which settlement payments proportional to Plaintiff's damages will be paid to Plaintiff.

4. The Parties respectfully submit that the proposed settlement is fair, reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The settlement was achieved during negotiations amongst the Parties, conducted by experienced counsel.

5. The settlement documents submitted for approval or entry by the Court consist of: a proposed Settlement Agreement and Release of All Claims and an Order of Dismissal and Approving Settlement. (Attached hereto as Exhibits A and B, respectively).

## II.   Argument and Authorities

6. Settlement of FLSA claims may occur after a court reviews and approves a settlement. *See Lopez v. STS Consulting Servs. LLC*, No. 6:16-CV-00246-RWS, 2018 U.S. Dist. LEXIS 40977, at *2-3 (E.D. Tex. Feb. 6, 2018). "[T]he Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is not on due process concerns as it would be for a Rule 23 class action. . . . Rather, the Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Id.* at *3 (citing *Dyson v. Stuart Petroleum Testers, Inc.*, No. 1-15-cv-282, 2016 U.S. Dist. LEXIS 24190, at *2 (W.D. Tex. Feb. 29, 2016) (internal citation omitted).

7. The Court first decides whether there is a "bona fide dispute." *Lopez*, 2018 U.S. Dist. LEXIS 40977, at *3 (citing *Vasallo v. Goodman Networks, Inc.*, 2016 U.S. Dist. LEXIS 142379, at *1 (E.D. Tex. Oct. 14, 2016). Then, the Court must determine if the settlement is "fair and reasonable." *Id.* at *4 (internal citation omitted). Although the class action provision under Federal Rule of Civil Procedure 23 does not apply to FLSA collective actions, Rule 23 is similar because it requires court approval to finalize a settlement. *Id.* Therefore, "the Rule 23(e) fair and reasonable settlement standard encompasses a fair and reasonable standard under the FLSA." *Id.*

8. In determining whether a settlement meets this standard, the Fifth Circuit directs courts to consider the following six factors: (1) evidence that the settlement was obtained by fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the litigation and available discovery; (4) the factual and legal obstacles to prevailing on the merits; (5) the range of possible recovery and certainty of damages; and (6) the opinions of class counsel, class representatives, and absent class members. *Id.* at *4 (quoting *Dyson v. Stuart Petroleum Testers, Inc.*, 2016 U.S. Dist. LEXIS 24190, at *2).

9. "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interest of the class and the court is not to substitute its own judgment for that of counsel." *Lopez*, 2018 U.S. Dist. LEXIS 40977, at *4-5 (quoting *Marcus v. J.C. Penney Co., Inc.*, No. 2017 U.S. Dist. LEXIS 214427, at *3 (E.D. Tex. Dec. 18, 2017)) (internal citation omitted).

10. A bona fide dispute exists between the parties. Plaintiff claims that he was not properly paid overtime wages owed. Defendants deny that they violated the FLSA.

11. In an effort to avoid the costs and uncertainties of litigation, the Parties jointly move for settlement of this cause, as set forth in the proposed Settlement Agreement and Release of All Claims. Counsel for both sides believe in the merits of their clients' positions but recognize that

litigation is uncertain in terms of duration, cost, and result. If forced to litigate further, the Parties would engage in costly litigation practice. The Settlement Agreement would allow Plaintiff to promptly and efficiently conclude his case. Plaintiff's range of possible recovery is also open to dispute.

12. The proposed settlement constitutes a resolution of the dispute in which a settlement payment will be paid to Plaintiff. The individual payment is proportional to Plaintiff's overtime damages. The Settlement Agreement calls for a total settlement of $13,625.00 which constitutes $3,887.50 in back wages, $3,887.50 in liquidated damages, and $5,850.00 in attorney's fees. The settlement reimburses Plaintiff for unpaid wages, plus an equal amount in liquidated damages. In addition, the attorneys' fees and expenses to Plaintiff's counsel are proper and reasonable.

13. The Parties' counsel each have experience litigating FLSA claims, including claims for unpaid overtime. The Settlement Agreement was achieved only after arms-length and good faith negotiations between the Parties. As such, there is no indicia of fraud or collusion.

14. Although this matter is early in the collective action process, the Parties engaged in numerous discussions to negotiate the settlement. Based on such communications, the Parties believe that the settlement distributions are fair, reasonable, and adequate.

For the reasons addressed above, the Parties respectfully request that this Court approve the Parties' settlement by entering the proposed Order of Dismissal and Approval of Settlement attached hereto as Exhibit B.

          Respectfully submitted,

          QUINONEZ LAW FIRM, PLLC
          11890 Vista Del Sol Dr., Suite A-115
          El Paso, TX 79936
          T: (915) 533-0009
          F: (888) 301-1116

By:   */s/ Carlos M. Quinonez*
          **CARLOS M. QUINONEZ**
          State Bar No. 24056172
          carlos@quinonezlawfirm.com
          *ATTORNEY FOR PLAINTIFF*

And

          **LAW OFFICE OF**
          **DIANA MACIAS VALDEZ, PLLC**
          5845 Cromo Drive, Suite One
          El Paso, Texas 79912
          T: (915) 503-1290
          F: (915) 503-1291

By:   */s/ Diana M. Valdez*
          **DIANA M. VALDEZ**
          State Bar No. 24047019
          dvaldez@dianavaldezlaw.com
          *ATTORNEY FOR DEFENDANTS*