# SETTLEMENT AGREEMENT
# AND RELEASE IN FULL OF ALL CLAIMS

The parties to this Settlement Agreement and Release in Full of All Claims ("Agreement") are: (1) Fernando Diaz ("Releasor"); (2) **BEST EXPRESS TRANSPORTATION, LLC** (formerly BUCHANAN EXPRESS, LLC) with its current and former owners, members, officers, directors, employees, representatives, subsidiaries, and any successors; (3) **SALVADOR MUÑOZ**, Individually; and (4) **JUAN A. BUCHANAN**, Individually, (herein referred to collectively as "Released Parties"). In this Agreement, Releasor and Released Parties are sometimes referred to collectively as the "Parties."

This Agreement is in reference to and in furtherance of the settlement by the Parties with respect to claims asserted by Releasor against Released Parties related to allegations of violations of the Fair Labor Standards Act for unpaid overtime wages set forth in the lawsuit styled ***Fernando Diaz v. Buchanan Express, LLC, et al; Cause No. 3:19-CV-354-FM; In the United States District Court for the Western District of Texas, El Paso Division*** (referred to herein collectively as the "Lawsuit"). The purpose of this Agreement is to fully, completely, and permanently resolve all claims, demands, and disputes between the Parties, known or unknown, related in any way to Releasor's employment and termination, including but not limited to his lawsuit and any and all claims related to his employment occurring on or before the effective date of this Agreement. In return for the receipt of this properly-executed and notarized Agreement releasing all of Releasor's claims, Released Parties agree as follows:

1. In exchange for the original, fully executed Agreement, the Released Parties shall pay/give a total of THIRTEEN THOUSAND, SIX HUNDRED TWENTY-FIVE DOLLARS AND 00/100 CENTS ($13,625.00) ("Settlement Payment"), the sufficiency of which is hereby acknowledged, payable as follows:

   a. SEVEN THOUSAND, SEVEN HUNDRED SEVENTY-FIVE DOLLARS AND 00/100 ($7,775.00), payable to Releasor as follows:
      i. THREE THOUSAND, EIGHT HUNDRED EIGHTY-SEVEN DOLLARS AND 50/100 CENTS ($3,887.50) payable as wages, less applicable taxes and deductions which will be reported as income through an IRS Tax Form W-2.
      ii. THREE THOUSAND, EIGHT HUNDRED EIGHTY-SEVEN DOLLARS AND 50/100 CENTS ($3,887.50) as payment for liquidated damages, which will be reported through an IRS Tax Form 1099-MISC.
   b. FIVE-THOUSAND, EIGHT HUNDRED FIFTY DOLLARS AND 0/100 CENTS ($5,850.00) payable to Releasor's attorneys, Quiñónez Law Firm, PLLC, for recovery of attorneys' fees, costs, and litigation or other expenses, related in any way to the Lawsuit.

2. The Settlement Payments shall be forwarded to Releasor's attorneys, Quiñónez Law Firm, PLLC, no later than the fourteenth (14th) business day after the later of the following occurs: (1) Releasor tenders to Released Parties' attorney, the signed original of this Agreement executed by Releasor; (2) an Order is entered approving this Agreement and dismissing the Lawsuit. Aside from Releasor's attorney's Settlement Payment amount, Releasor's attorney will not distribute Releasor's check until Releasor has signed this Agreement and provided Releasor's attorney with a signed IRS Form W-9.

3. Releasor acknowledges, by entering into this Agreement, that the Released Parties have entered into this Agreement for the sole purpose of avoiding expenses and buying peace. Releasor further agrees that nothing in this Agreement constitutes an admission of wrongdoing on the part of the Released Parties, which vehemently deny any liability.

4. Releasor and Released Parties hereby agree and consent to entry in the Lawsuit of a Joint Motion for Court Approval of Settlement and Stipulation of Dismissal with Prejudice (the "Joint Motion"). The Joint Motion shall be filed following the execution of this Agreement by the Released Parties and Releasor, and Released Parties are under no duty or obligation to tender the Settlement Payment prior to the entry of the Order Granting the Joint Motion by the Court. The Parties further agree that they shall take such actions as may be reasonably required to obtain approval by the Court of the Parties' settlement agreement and dismissal of the Lawsuit.

5. Releasor shall not institute and hereby waives his right to any further grievance, action or lawsuit, and agrees not to assert or attempt to assert any claim against Released Parties, including but not limited to legal or administrative claims of any sort, with respect to any matter relating to the Lawsuit, nor shall she authorize the bringing of any such action on their behalf by any person, governmental agency, labor organization, or other entity. Further, Releasor warrants that, as of the effective date of this Agreement, he is not aware of any grounds that provide, or could provide, the basis for any such action that could have been brought prior to the execution of this agreement. Releasor expressly waives any right to damages or other legal or equitable relief awarded by any governmental agency, court, or other entity, or which could be awarded against Released Parties relating to any lawsuit, complaint, charge, grievance or any other action or proceeding (regardless by whom or where filed) that is pending or that is filed in the future and which is based on events occurring prior to this Agreement.

6. **Release by Releasor:** Releasor unconditionally releases, acquits, and forever discharges Released Parties from all claims, causes of action, and liabilities of any kind whatsoever, known or unknown, fixed or contingent, that Releasor may have or may have had as of the date of this Agreement, including all matters that were or could have been alleged in any way in the Lawsuit or in any other suit, charge, grievance or claim related in any way to the Lawsuit. The terms of the release include all claims arising under federal, state, or local laws, ordinances, and regulations, and all claims arising out of any other legal restriction on Released Parties' right to control the terms, conditions, privileges, and duration of Released Parties' employment relationships. The terms of this release specifically include, but are not limited to, all claims under the Texas Commission on Human Rights Act, the Texas Payday Law, the Texas Labor Code, the Civil Rights Acts of 1866, 1964, and 1991, the Age Discrimination in Employment Act, the Older Workers' Protection Act, the Fair Labor Standards Act, the Americans with Disabilities Act, the Family Medical Leave Act, the National Labor Relations Act, and the Employee Retirement Income Security Act of 1974, all as amended, as well as all claims Releasor might bring individually and as a relator under the False Claims Act. Releasor acknowledges and agrees that the release and discharge set forth above is a general release and waiver of all claims. Releasor expressly waives and assumes the risk of any and all claims for damages which exist as of this date, but of which he does not know or suspect exist, whether through ignorance, oversight, error, negligence or otherwise and which, if known, would materially affect his decision to enter into this

Agreement. Releasor further agrees that he has accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact. Releasor assumes the risk that the facts or law may be other than he believes. The Parties further agree that this agreement does not apply to any claims or rights that may arise after the effective date of this Agreement, including any breach of this agreement or to any claims that controlling law clearly states may not be released by a matter of law by settlement.

7. The Parties agree that they are solely responsible for the payment of taxes that may be assessed against them under federal or state law. The parties agree to hold each other harmless for any tax liability that they may incur as a result of this settlement.

8. Releasor warrants that he has not assigned or otherwise transferred to any person any portion of any claims that are released and discharged in this Agreement; provided, however, that the provisions of this paragraph shall not encompass any contingent fee interest Releasor may have agreed to pay to the attorney representing him in the Lawsuit.

9. The Parties agree that they will not disparage or deprecate the other, orally or in writing, to any third party, including but not limited to any person or entity with whom Releasor had dealings while an employee of Released Parties, or those with whom he can or may have dealings with now or in the future, except that this provision does not prevent either party from responding to an order or subpoena of a court or governmental agency of competent jurisdiction. Released Parties further agree that, in response to any request for information about Releasor from any third party, Released Parties shall simply state that it can only provide neutral information, including dates of employment, position(s) held, and pay rate(s) or salary paid to Releasor during his employment with Released Parties.

10. Released Parties will issue a Form 1099 to Releasor and his attorneys for their respective portion of the settlement payments made to each of them pursuant to this Agreement for the 2020 tax year for liquidated damages and attorney's fees and costs. Released Parties will issue a Form W-2 for the lost wage portion of the settlement proceeds to Releasor for the 2020 tax year. The Parties acknowledge that none of them have relied upon the advice of any other Party concerning the taxability of the amounts to be paid under this Agreement. Releasor acknowledges that he shall be solely responsible for all additional taxes, if any, that may be owed to any federal, state, and local authorities, including any interest or penalties.

11. Releasor understands and agrees that if he violates the terms, conditions or provisions of this Agreement, he may be obligated to return any and all of the sums paid to him in consideration of this Agreement, and may also have to pay legal fees and costs associated with enforcement of the Agreement, as may be determined by a Court of competent jurisdiction.

12. This Agreement contains all of the agreements and understandings between the Parties and supersedes any prior negotiations or proposed agreements, written or oral. The Parties acknowledge that no other party, directly or through an agent, has made any promises, representations or warranties whatsoever, express or implied, not contained in this Agreement, to induce her to execute this Agreement. Only a subsequent writing signed by all Parties may amend this document.

13. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

14. Releasor understands and agrees that the terms of this Agreement are contractual and not a mere recital.

15. Should any provision of this Agreement be declared or be determined by any court to be illegal, invalid, or unenforceable under present or future laws, such provision shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised a part of this Agreement; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement. Furthermore, in place of each such illegal, invalid, or unenforceable provision, there shall be added automatically as a part of this Agreement a provision as similar in terms to such illegal, invalid, or unenforceable provision as may be possible and be legal, valid, and enforceable.  Texas law shall govern the validity and interpretation of this Agreement.

16. Releasor understands and agrees that in the event it is necessary for either of the Parties to institute legal action to enforce any of the terms, conditions or provisions contained in this Agreement, or any breach of this Agreement, the prevailing party in such action shall be entitled to costs and reasonable attorneys' fees.

17. The Parties shall each bear their own costs and attorneys' fees associated with the negotiation and preparation of this Agreement, as well as the costs and fees associated with representation sought and received in this matter.

18. This Agreement shall be effective as of the date it becomes irrevocable and final, referred to herein as the "Effective Date," and will be for the mutual benefit of and be binding upon the Parties, their respective heirs, successors, and assigns.

19. By executing this Agreement, Releasor expressly acknowledges that (1) he has carefully read the foregoing Agreement or he has had the Agreement translated into the language of his choice, if necessary; (2) he has had the opportunity to consult with his attorney; (3) he understands the contents of this Agreement; (4) he has determined that it is in his best interest to enter into this Agreement; (5) he has not relied upon any representation or statement, written or oral, not set forth in this Agreement; (6) he is entering into this Agreement freely, knowingly and voluntarily, without force, duress or coercion; and (7) this Agreement becomes effective on the date **RELEASOR** signs this Agreement before a notary indicating his acceptance and agreement to the terms set forth herein.

## CAUTION!  READ BEFORE SIGNING!

ACCEPTED AND AGREED TO:


_____
**FERNANDO DIAZ**


**THE STATE OF TEXAS**      §
                           §
**COUNTY OF EL PASO**       §

      **BEFORE ME**, the undersigned authority, personally appeared **FERNANDO DIAZ**, known to me to be the person described herein, and who, after being by me duly sworn, upon his oath stated that he executed the foregoing Settlement Agreement and Release in Full of All Claims and acknowledged that he voluntarily executed the same for the purposes and considerations therein expressed.

      **SUBSCRIBED AND SWORN TO** before me on this ____ day of _____, 2020.



Official Notary Seal:                    _____
                                         NOTARY PUBLIC in and for the
                                         State of Texas

**ACCEPTED AND AGREED TO:**

_____
**AUTHORIZED REPRESENTATIVE**
**BEST EXPRESS TRANSPORATION, LLC**
**(formerly BUCHANAN EXPRESS, LLC)**


| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF EL PASO** | § |

      **BEFORE ME**, the undersigned authority, personally appeared _____, **Authorized Representative of Best Express Transportation, LLC (formerly Buchanan Express, LLC),** known to me to be the person described herein, and who, after being by me duly sworn, upon his/her oath stated that he/she executed the foregoing Settlement Agreement and Release in Full of All Claims and acknowledged that he/she voluntarily executed the same for the purposes and considerations therein expressed.

      **SUBSCRIBED AND SWORN TO** before me on this____day of _____, 2020.


Official Notary Seal:                        _____
                                                 NOTARY PUBLIC in and for the
                                                 State of Texas

**ACCEPTED AND AGREED TO:**

_____
**SALVADOR MUNOZ, Individually**

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF EL PASO** | § |

      **BEFORE ME**, the undersigned authority, personally appeared **SALVADOR MUNOZ,** known to me to be the person described herein, and who, after being by me duly sworn, upon his oath stated that he executed the foregoing Settlement Agreement and Release in Full of All Claims and acknowledged that he voluntarily executed the same for the purposes and considerations therein expressed.

      **SUBSCRIBED AND SWORN TO** before me on this____day of _____, 2020.


Official Notary Seal:                              _____
                                                                     NOTARY PUBLIC in and for the
                                                                    State of Texas

**ACCEPTED AND AGREED TO:**

_____
**JUAN A. BUCHANAN, Individually**

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF EL PASO** | § |

**BEFORE ME**, the undersigned authority, personally appeared **JUAN A. BUCHANAN,** known to me to be the person described herein, and who, after being by me duly sworn, upon his oath stated that he executed the foregoing Settlement Agreement and Release in Full of All Claims and acknowledged that he voluntarily executed the same for the purposes and considerations therein expressed.

**SUBSCRIBED AND SWORN TO** before me on this____day of _____, 2020.


Official Notary Seal:                                      _____
                                                           NOTARY PUBLIC in and for the
                                                           State of Texas

8