UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FERNANDO DIAZ, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | EP-19-CV-00354-FM |
| | § | |
| BUCHANAN EXPRESS LLC, BEST EXPRESS TRANSPORTATION, LLC, JUAN A. BUCHANAN, SALVADOR MUNOZ, | § § § § | |
| | § | |
|   Defendants. | § | |

## ORDER APPROVING SETTLEMENT

Before the court is "Joint Motion for Approval of Settlement" ("Motion") [ECF No. 25] filed April 17, 2020 by Fernando Diaz; Buchanan Express, LLC; Best Express Transportation, LLC; Salvador Munoz; and Juan A. Buchanan (collectively, "the Parties"); and "Joint Supplemental Brief in Support of Joint Motion for Approval of Settlement" ("Brief") [ECF No. 29] filed May 12, 2020. Therein, the Parties request the court approve their settlement agreement.[1] Upon due consideration of the Motion, Brief, and applicable law, the Motion is **GRANTED**.

## I.    BACKGROUND

This case arises out of a dispute over employee compensation practices by Buchanan Express, LLC; Best Express Transportation, LLC; Salvador Munoz; and Juan A. Buchanan ("collectively, "Defendants"). Fernando Diaz ("Plaintiff") worked for Defendants as a driver from April 23, 2018 to July 28, 2019 and was paid on an hourly basis.[2] Plaintiff alleges

---

[1] "Joint Motion for Approval of Settlement" (Mot.) 1, ECF No. 25, filed Apr. 17, 2020.

[2] "Plaintiff's Original Collective Action Complaint" ("Compl.") 1 ¶ 1.1, ECF No. 1, filed Dec. 4, 2019.

1

Defendants failed to pay him, and others similarly situated, for overtime worked.[3] He also claims Defendants unlawfully deducted fees from his net pay for charges labeled "Occupational Accident Insurance, CDL Consultant, Accident/Incident and Miscellaneous Deduction."[4] Based on these allegations, Plaintiff filed this collective action claim under the Fair Labor Standards Act ("FLSA"). Defendants assert they paid all required overtime wages and argues deductions were generally lawful and authorized by Plaintiff in writing.[5]

The Parties have agreed to settle their dispute and seek court approval of their settlement agreement.[6] Pursuant to the settlement agreement, Defendants will pay Plaintiff $3,887.50 as repayment for payroll deductions, $3,887.50 in liquidated damages, and $5,850.00 in attorney's fees.[7] The court ordered the Parties to submit joint supplemental briefing to aid consideration of whether the settlement is a fair and reasonable resolution of the Parties' dispute.[8]

## II. APPLICABLE LAW

Settlement of FLSA claims may occur after a court reviews and approves a settlement.[9] The court must determine the compromise is a fair and reasonable resolution of a *bona fide* dispute over the FLSA's provisions.[10] The primary focus of the Court's inquiry is ensuring an

---

[3] *Id.* at 2 ¶ 1.2.

[4] *Id.*

[5] *See generally* "Joint Supplemental Brief in Support of Joint Motion for Approval of Settlement" ("Br.") 2 ¶ 2, ECF No. 29, filed May 12, 2020.

[6] Mot. 1.

[7] *Id.*, "Settlement Agreement and Release in Full of all Claims" 1 ¶ 1, ECF No. 25-1.

[8] *See generally* "Order to Submit Joint Supplemental Briefing," ECF No. 26, entered May 5, 2020.

[9] *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 736 (W.D. Tex. 2010); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). As there is no Fifth Circuit precedent on approving settlements of FLSA claims, the court is forced to rely on persuasive authority.

[10] *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

employer does not take advantage of its employees in settling their claim for wages.[11]  The provisions of the FLSA are mandatory, and not subject to negotiation and bargaining between employers and employees.[12]

### III.   DISCUSSION

#### A.   *Bona Fide Dispute*

Courts first look to "whether there exists a *bona fide* dispute" under the FLSA regarding the amount of hours worked or compensation due.[13]  This determination prevents the parties from "negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime."[14]  There must be some doubt that the plaintiff would succeed on the merit of his claims.[15]

Pursuant to the FLSA, nonexempt employees must receive at least one and a half times their regular hourly compensation for any time worked in excess of forty hours a week.[16]  Payroll deductions must may not reduce pay below the minimum wage or overtime compensation.[17]

---

[11] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008).  *See also Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981) ("The FLSA was enacted for the purpose of protecting all covered workers from substandard wages and oppressive working hours. . ."); 29 U.S.C. § 202 (stating the purpose of the act is to correct poor labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers).

[12] *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706–07 (1945) (holding that an employee's waiver of rights to minimum wages and liquidated damages under the Fair Labor Standards Act, in consideration of a sum be less than the statutory minimum wages due, is void); *see also Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946) (stating in dicta that judgments on alleged wage-hour violations for less than the amounts actually due may be permissible only where the court reviews the settlement); *Lynn's Food Stores*, 679 F.2d at 1353; *Collins*, 568 F. Supp. 2d at 717.

[13] *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005).

[14] *Collins*, at 719.  *See also* 29 U.S.C. § 207.

[15] *Collins*, at 719–20.

[16] 29 U.S.C. § 207(a)(1).

[17] 29 U.S.C. § 203(m); 29 C.F.R. §§ 531.36–531.37.

Texas law imposes the additional requirement that employers "not withhold or divert any part of an employee's wages" unless authorized to do so by state or federal law or by "written authorization from the employee to deduct part of the wages for a lawful purpose."[18] Any employer who violates FLSA is liable to compensate employees for lost wages and for an additional equal amount as liquidated damages.[19]

Defendants assert several affirmative defenses to counter Plaintiff's claims. They argue alleged unpaid overtime includes activities that are non-compensable under the FLSA.[20] They point to a possible "*de minimus*" defense to the overtime deductions.[21] This affirmative defense contends that, to the extent any overtime was unpaid, it was so slight as to not constitute a violation.[22] Defendants also argue Plaintiff failed to exhaust administrative procedures to prevent and resolve disputes.[23] Defendants also claim any liquidated damages would be barred as Defendants acted in good faith with reasonable grounds for believing their actions did not violate the FLSA.[24] In the alternative, they claims these damages are time barred.[25]

---

[18] TEX. LAB. CODE § 61.018.

[19] 29 U.S.C. § 216(b).

[20] *Id.* at 13 ¶ 74. *See also* 29 U.S.C. § 254.

[21] Answer 13 ¶ 72.

[22] *See, e.g., Lindow v. United States*, 738 F.2d 1057, 1061–62 (9th Cir. 1984) (As a general rule employees cannot recover for otherwise compensable time it if is *de minimis*"); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946) ("When the matter at issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act")

[23] Answer 14 ¶ 76.

[24] *Id.* at 13 ¶ 71. *See also* 29 U.S.C. § 260.

[25] *Id.* at 14 ¶ 77.

Defendant has agreed to completely repay the entire sum of deductions except those for property damage.[26] With respect to property damage, Defendants will repay only one deduction from 2019 that reduced Plaintiff's pay below minimum wage.[27] Employers may, under limited circumstances, deduct costs resulting from property damage by an employee.[28] Plaintiff does not describe the circumstances underlying the deduction in this case, so it is unclear whether the FLSA permits the deductions at issue. Therefore, there is a *bona fide* dispute with respect to the legality of the payroll deduction excluded from repayment under the settlement agreement.

It is difficult to evaluate how likely these defenses to Plaintiff's unpaid overtime claim are to succeed based only on the facts in the complaint, the answer, and the Motion. Plaintiff has not named specific incidents of underpayment for overtime. Nor has he stated how much overtime he is due. Therefore, it is unclear whether, or to what extent, affirmative defenses apply. There is therefore doubt about whether Plaintiff would succeed. In light of ambiguities surrounding the legality of certain deductions and the extent to which any unpaid time may be subject to any one of a number of affirmative defenses, there is a *bona fide* dispute.

  B.  *Fair and Reasonable*

Having found a *bona fide* dispute, the court next looks to whether the proposed settlement is fair and reasonable. "Although the class-action provisions of Federal Rule of Civil Procedure 23 ("Rule 23") technically do not apply to collective actions under the FLSA," Rule 23(e) is analogous as it "requires court approval to finalize a proposed class action settlement."[29]

---

[26] Br. 2 ¶ 2.

[27] *Id.*

[28] *See Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1369 (5th Cir. 1973) (holding deductions for damage to a third party's vehicle were lawful).

[29] *Dyson*, 2016 WL 815355, at *4 (citing *Sims*, 2012 WL 10862119, at *3).

5

Many district courts have borrowed its standard to determine settlement of FLSA disputes are fair and reasonable.[30]  The Fifth Circuit directs courts to consider six factors in evaluating proposed settlement agreements in class actions:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.[31]

Here, all factors weigh in favor of approving the settlement.  Defendants have agreed to repay payroll deductions for occupational accidental insurance premiums and third-party consulting services.[32]  Defendants also concede one property damage deduction in 2019 reduced Plaintiff's wages below minimum wage.[33]  Additionally, the Parties identify an ambiguity in Plaintiff's consent to deductions for traffic citations.[34]  The settlement agreement fully compensates Plaintiff for all of these deductions, including where the Parties have identified consent to be ambiguous.[35]  Therefore, it is likely the settlement agreement is favorable to Plaintiff with respect to payroll deductions.

The settlement agreement does not provide for unpaid overtime compensation as the Parties remain firm in their disagreement about whether Plaintiff is entitled to compensation on this front.  However, this case remains in its early stages.  As discussed, it is difficult to evaluate

---

[30] *See, e.g.*, *Dyson*, 2016 WL 815355, at *6; *Lopez v. STS Consulting Servs. LLC*, No. 6:16-CV-00246, 2018 WL 3301683, at *4 (E.D. Tex. Feb. 6, 2018); *Collins*, 568 F. Supp. 2d 714 at 719.

[31] *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

how likely these defenses are to succeed based only on the facts before the court.  It is equally difficult to determine the range of recovery and certainty of damages based on this limited information.

The court hesitates to substitute its own judgment for that of counsel with respect to whether a settlement is in the best interest of the client.[36]  After opportunity to review their positions before agreeing to the settlement agreement, the Parties have determined the settlement is fair and reasonable.  There is no reason to suspect fraud or coercion.  As this suit was filed as a collective action, discovery is likely to become relatively expensive and complex if allowed to continue.  In light of the compensation for deductions and liquidated damages, the *bona fide* dispute between Plaintiff and Defendants, and risks and costs inherent to litigation, the settlement agreement is likely fair and reasonable even without payment earmarked for uncompensated overtime and the court will not disturb it.

Nothing in the court's order is meant to limit the rights of any similarly situated individuals.  Under the FLSA, "[n]o employee shall be a party plaintiff to any [FLSA collective action] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[37]  Individuals who do not "opt-in" neither benefit from nor are bound by judgment.[38]  As this action remains in its early stages, no potential plaintiffs have been notified or have consented to join as a party.  Therefore, the Parties cannot by their negotiations preempt similarly situated individuals seeking relief.

---

[36] *See Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977) (In considering the fairness of settlements, "the trial court is entitled to rely upon the judgment of experienced counsel for the parties" and "should be hesitant to substitute its own judgment for that of counsel.").

[37] 29 U.S.C. § 216(b).

[38] *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 287 (5th Cir. 1975).

## IV.   CONCLUSION

The settlement agreement reached by the parties is a fair and reasonable resolution of a *bona fide* dispute subject to the FLSA.  Accordingly, the court enters the following orders:

1. It is **HEREBY ORDERED** that "Joint Motion for Approval of Settlement" [ECF No. 25] is **GRANTED**.

2. It is **HEREBY ORDERED** that the parties submit dismissal documents no later than **June 17, 2020**.

**SIGNED AND ENTERED** this **18th** day of **May**, **2020**.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**